THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARY J. RATHE, | ) | 4:08CV3011 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, Michael J. | ) | |
| Astrue, Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

 Plaintiff's counsel has filed a motion (filing 26) for enlargement of time in which to file an application for attorney fees and costs under 42 U.S.C. § 406(b).[1] Judgment (filing 25) was entered in this case on October 29, 2008, reversing the decision of the Commissioner of the Social Security Administration and remanding

_____

[1] 42 U.S.C. § 406(b)(1)(A) provides:

  Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

the matter for further proceedings.  Plaintiff's motion states that the Commissioner rendered a decision on remand on March 31, 2009, which "provided Plaintiff with a fully favorable decision[,] but there has been no determination of Plaintiff's past due benefits upon which to calculate allowable attorney fees.  Plaintiff is requesting additional time to file an Attorney Fee Motion until such time as the past due benefits are determined by the Defendant." (Filing 26.)  Plaintiff's motion represents that the Commissioner does not object to the motion for enlargement of time, nor has an objection been filed.

> The Social Security Act does not specify any express time limit for filing a petition under 42 U.S.C.A. § 406(b)(1) for attorney's fees for services rendered at the judicial level.  Although there is authority to the contrary, it has been held that in the absence of a local rule imposing a time limit on the filing of attorney's fee petitions, a petition for fees for representation of a social security claimant at the judicial level need only be filed within a reasonable time in light of the circumstances of the case.

4 *Soc. Sec. Law & Prac.* § 49:58 (Mar. 2009) (footnote omitted).  The local rules governing this court allow the court to set the deadline for attorney's fee applications.  Specifically, NECivR 54.3(a) provides that when "a party may be entitled to receive attorney's fees . . ., the court may order, on its own or a party's motion, *the time* . . . of making showings regarding a fee award."  (Emphasis added.)

Because 42 U.S.C. § 406(b) does not contain a specific time limit for filing an application for attorney's fees; because our local rules provide that the court can set "the time" for "making showings regarding a fee award"; because the Commissioner does not object to the plaintiff's motion; and because the plaintiff filed her motion for enlargement of time within 10 working days of the Administrative Law Judge's favorable decision upon remand, I shall grant the plaintiff's motion.  *See Early v. Astrue*, 295 Fed. Appx. 916, 918, 2008 WL 4492602, at *1 (10th Cir. 2008) (counsel entitled to file Fed. R. Civ. P. 60(b)(6) motion for leave to file motion for attorney

fees under 42 U.S.C. § 406(b)(1) more than 14 days after district court's entry of judgment remanding case to Social Security Administration because "timely filing of a § 406(b)(1) fee application would often be impossible in situations where benefits were only granted following remand"; however, fee motion in this case was not filed within reasonable time of Commissioner's decision awarding benefits when motion was filed 15 months after ALJ's favorable decision on remand, and 13 months after claimant received Commissioner's notice of award of past-due benefits); *Blitch v. Astrue*, 261 Fed. Appx. 241 n.1, 2008 WL 73668, at *1 n.1 (11th Cir. 2008) (district court abused its discretion when it denied § 406(b) attorney's fee application as untimely when such application was filed after claimant was awarded past-due Social Security disability benefits; noting that delayed fee application was reasonable because amount of attorney's fees owed in unique circumstances created by remand judgment under 42 U.S.C. § 405(g) combined with contingency arrangement cannot be determined "for months after remand, until the Social Security Administration determines the amount of the client's award," and Congress's intent behind § 406(b) was to "encourage attorneys to represent Social Security claimants"). *See, e.g., Nelson v. Astrue*, 2008 WL 5169116 (W.D. Va. 2008) (avoiding potential timeliness issue regarding attorney fee application by providing as part of remand order: "Should the remand of this case result in the award of benefits, plaintiff's counsel should be granted an extension of time pursuant to Rule 54(d)(2)(B) within which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days subsequent to the receipt of a notice of award of benefits from the agency.").

Accordingly,

IT IS ORDERED:

1.    Plaintiff's counsel's unopposed motion (filing 26) for enlargement of time in which to file an application for attorney fees and costs under 42 U.S.C. §

3

406(b) is granted;

2.    Plaintiff's counsel shall file his application for attorney fees and costs under 42 U.S.C. § 406(b) within 30 days after receipt of a notice of award of past-due benefits to plaintiff Mary J. Rathe by the Social Security Administration.

DATED this 23rd day of April, 2009.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge

4