IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARY J. RATHE, | ) | 4:08CV3011 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, Michael J. | ) | |
| Astrue, Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

On October 29, 2008, this Social Security case was reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel has now filed a motion (filings 28, 29) for an award of attorney fees under 42 U.S.C. § 406(b),[1] indicating that after a fully favorable decision was issued by the Commissioner on remand on March 31, 2009, Plaintiff was awarded $40,574.40 in past-due benefits. (Filings 29-5, 29-7.) Plaintiff's counsel asks this court to approve the payment of $10,143.50 in attorney fees to be paid out of the past-due benefits. Plaintiff's counsel did not previously request an award of attorney fees from this court

---

[1] Section 406(b) provides in part:

  (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

In support of the § 406(b) motion, Plaintiff's counsel has filed an affidavit stating that he and Plaintiff contracted for a contingent fee equal to 25 percent of any past-due benefits awarded; on remand, and by Notice of Award dated April 13, 2009, Plaintiff was awarded $40,574.40 in past-due benefits, withholding $10,143.60 for the payment of attorney fees; on May 6, 2009, Plaintiff's counsel submitted a fee petition requesting $10,143.50 for services rendered between September 14, 2006, and April 30, 2009, for a total of 65.25 hours, which consisted of 47.50 hours of "SSA Time" and 17.75 hours of "USDC Time"; and attorney fees have not been awarded or received by Plaintiff's attorney. (Filings 29-2, 29-3, 29-8, 29-9, 29-10, 29-13.)

Plaintiff's counsel asks this court to award attorney fees of $10,143.50, or 25 percent of the $40,574.40 in past-due benefits awarded to Plaintiff.[2] (Filing 28.) The Commissioner has responded to the motion, stating that "Defendant has no specific objection to the amount of fee requested by Plaintiff's counsel, and respectfully asks only that a reasonable attorney's fee be awarded." (Filing 30, at 4.)

The basis for counsel's motion, 42 U.S.C. § 406, deals with the administrative and judicial review stages in Social Security proceedings discretely—"§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002). Unlike the EAJA, 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party. Gisbrecht, 535 U.S. at 802 (2002). "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." Id. Also, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in

---

[2]Actually, $10,143.60 is 25 percent of $40,574.40, not $10,143.50, as Plaintiff's counsel requests.

2

court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186." *Id.* at 796.

"In light of the fact that attorney's fees awarded under the Social Security Act (42 U.S.C.A. § 406(b)) are paid from the claimant's past-due benefits, unlike EAJA fees which are paid by the [Social Security Administration], and the consequent inherent conflict between the claimant and the attorney regarding fees under § 406(b), it is incumbent upon counsel to pursue attorney's fees under EAJA before applying for fees under § 406(b), or justify the failure to do so. A petition for attorney's fees under § 406(b) may be denied as unreasonable where the attorney has failed to file a prior application for fees under EAJA . . . ." 4 *Soc. Sec. Law & Prac.* § 49:139 (Westlaw, Mar. 2009) (footnotes omitted).

Plaintiff's counsel has not made any showing to excuse his failure to apply for an award of attorney fees under the EAJA after this court entered final judgment on October 29, 2008, and an award of fees under the EAJA is no longer possible. "To obtain attorney fees under the EAJA, the prevailing party must submit a fee application 'within thirty days of final judgment in the action.'" *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(1)(B)). However, for purposes of determining the amount of attorney fees, if any, to award under § 406(b), it is appropriate to consider the amount of attorney fees that might have been awarded under the EAJA. *See Sangwin v. Astrue*, Civ. No. 04-5309, 2008 WL 5156317 (W.D. Ark. Sep. 2, 2008), report and recommendation adopted as modified by 2008 WL 5156316 (W.D. Ark. Dec. 8, 2008) (§ 406(b) award reduced by amount of EAJA fees that would have been awarded had they been sought, based

upon billable hours claimed by plaintiff's attorney and standard EAJA hourly rate); *Iliceto v. Secretary of Dept. of Health and Human Services*, No. CV-83-2160, 1990 WL 186254 (E.D.N.Y. Nov. 14, 1990) (same).

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). It is my practice in Social Security appeals to apply a cost-of-living adjustment to the statutory maximum fee. Typically this is done by comparing the consumer price index for all urban consumers ("CPI-U") from March 1996 (the effective date of the $125 statutory maximum hourly rate) to the period of time during which the legal services were rendered.

The CPI-U stood at 155.7 in March 1996 and ranged between 211.08 in January 2008, when Plaintiff's counsel began working on the appeal in this court, to 216.57 in October 2008, when counsel completed his appeal work in this court. *See* U.S. Dept. of Labor, Bureau of Labor Statistics, *Consumer Price Index*, at ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt. The adjusted statutory maximum hourly rate therefore varied from $169.46 (($125.00 x 211.08)/155.7) in January 2008 to $173.87 (($125.00 x 216.57)/155.7) in October 2008.

Plaintiff's counsel claims that he devoted a total of 17.75 billable hours to the appeal in this court. The court will assume that the total number of billable hours claimed by Plaintiff's counsel is reasonable, and also that the statutory maximum hourly rate, adjusted for inflation, is reasonable compensation for the services provided. Using these assumptions, the court calculates that Plaintiff's counsel might have recovered up to $3,080.06 if he had applied for an award of attorney fees under the EAJA:

Date     (CPI-U)   Billable Hours   Maximum Rate    EAJA Fee

| | | | | |
|---|---|---|---|---|
| Jan. 2008  | (211.08) | 3.00 | $169.46 | $508.38 |
| Feb. 2008  | (211.69) | 0.00 | 169.95 | 0.00 |
| Mar. 2008  | (213.53) | .25 | 171.43 | 42.86 |
| Apr. 2008  | (214.82) | .50 | 172.46 | 86.23 |
| May 2008   | (216.63) | 8.00 | 173.92 | 1,391.36 |
| June 2008  | (218.82) | .25 | 175.67 | 43.92 |
| July 2008  | (219.96) | .50 | 176.59 | 88.30 |
| Aug. 2008  | (219.09) | 0.00 | 175.89 | 0.00 |
| Sept. 2008 | (218.78) | 3.50 | 175.64 | 614.74 |
| Oct. 2008  | (216.57) | 1.75 | 173.87 | 304.27 |
| TOTALS | | 17.75 hours | | $3,080.06 |

In light of counsel's failure to seek EAJA fees in the amount of $3,080.06, or to provide an explanation justifying the failure to seek such fees, I shall reduce Plaintiff's $10,143.50 attorney-fee request accordingly, resulting in a total of $7,063.44.  *Iliceto*, 1990 WL 186254, at *1 (total amount of fees requested was unreasonable when attorney failed to apply for EAJA fees; court awarded 406(b) fees, but reduced amount awarded by amount of EAJA fees that would have been awarded had counsel sought them; "whenever a credible argument can be made that the government's position in opposing certain social security benefits was not substantially justified, the attorney working under a contingent fee agreement can best defray the client's cost of legal services by seeking both EAJA and SSA fees" (internal quotation omitted)).

Because this court cannot award attorney's fees for work done at the administrative level, the question becomes whether counsel's request for $7,063.44 in attorney's fees for 17.75 hours of work before this court is reasonable.  *Gowen v. Bowen*, 855 F.2d 613, 618 (8th Cir. 1988) ("We have previously held that the matter of fees for legal services before the Secretary is committed by 42 U.S.C. § 406(b)(1) to the responsibility of the Secretary exclusively, and compensation for work before an agency may only be authorized by the agency.").

5

To generate a *non*-contingent fee of $7,063.44 for 17.75 hours of work, Plaintiff's counsel would need to charge an hourly rate of $397.94. While high, this amount is not unreasonable for a contingent-fee case, which carries a very high risk of not getting paid at all. *Bear v. Astrue*, 544 F. Supp. 2d 881, 884-85 (D. Neb. 2008) ("when a lawyer wins having proceeded on a contingency basis, an attorney fee that might otherwise appear unreasonable is perfectly appropriate"; citing cases[3]). In taking this case, Plaintiff's counsel assumed the risk that he might be paid nothing for his services. Counsel has substantial experience litigating Social Security cases (filing 29-13 ¶ 9) and used his time extremely efficiently in this case to prepare two cogent briefs citing to the transcript and discussing the material facts and applicable law. (Filings 15 & 23.) Further, counsel has filed an affidavit stating that he has discussed the amount of attorney fees he is requesting with Plaintiff, and she "has no objection to the granting" of such fees. Counsel's affidavit is supported by Plaintiff's signature

---

[3] "*See Smith v. Astrue*, No. 04-2197-CM, 2008 WL 833490 (D. Kan. Mar. 26, 2008) (awarding counsel $15,000 under section 406(b) for 38.5 hours of work); *Alfaro v. Astrue*, No. 3:99-cv1152-J-HTS, 2008 WL 816942 (M.D. Fla. Mar. 25, 2008) (awarding counsel $8,300 under section 406(b) for 13.25 hours of work); *Watterson v. Astrue*, No. 3:06-cv369-J-HTS, 2008 WL 783634 (M.D. Fla. Mar. 21, 2008) (awarding counsel $28,767.10 under section 406(b) for 26.4 hours of work); *Robbins v. Barnhart*, No. 04-1174 MLB, 2007 WL 675654 (D. Kan. Feb. 28, 2007) (awarding counsel $22,785 under section 406(b) for 112.85 hours of work); *Whitehead v. Barnhart*, No. 01-0095-CV-SW2SSAECF, 2006 WL 910004 (W.D. Mo. Apr. 7, 2006) (awarding counsel $10,448.75 under section 406(b) for 28.25 hours of work); *Mitchell v. Barnhart*, 376 F. Supp. 2d 916 (S.D. Iowa 2005) (awarding counsel $7,293.50 under section 406(b) for 22.25 hours of work); *Wallace v. Barnhart*, No. C01-4108-MWB, 2004 WL 883447 (N.D. Iowa Apr. 22, 2004) (awarding counsel $4,750 under section 406(b) for 26.25 hours of work)." *Bear*, 544 F. Supp. 2d at 884-85. After citing these cases, the court noted that it "realizes that the 'lodestar' approach is inapplicable in 42 U.S.C. § 406(b) cases, but total fees awarded for a certain amount of hours worked is a useful way to compare counsel's fee request in this case and awards made in other cases." *Bear*, 544 F. Supp. 2d at 884 n.4.

on counsel's fee petition to the Social Security Administration, which acknowledges that she "agree[s] with the $10,143.50 fee which [her] representative is asking to charge and collect." (Filing 29-9.)

On the evidence presented, and in the absence of any objection by the Commissioner, I find that the amount of attorney fees requested, minus the amount of EAJA fees that would have been awarded had counsel applied for them, is reasonable. I therefore will grant the motion for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,063.44. In addition, I will order that $3,080.06 in attorney fees that would have been awarded under the EAJA, had counsel properly sought those fees, be awarded to Plaintiff. *Sangwin*, 2008 WL 5156316, at *1 ("The government pays EAJA fees, and as a result, the amount of 406(b) fees paid out of the plaintiff's award is reduced by the size of the EAJA grant. In short, filing for EAJA fees saves the plaintiff money. If the attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error.").

Accordingly,

IT IS ORDERED:

1.     The motion for attorney fees pursuant to 42 U.S.C. § 406(b) (filing 28) filed by Plaintiff's counsel is granted in the amount of $7,063.44, which shall be paid directly to Plaintiff's counsel from the Plaintiff's past-due benefits that are being withheld by the Social Security Administration for payment of an authorized attorney fee;

2.     The government shall pay directly to Plaintiff $3,080.06 in attorney fees that would have been awarded under the EAJA, had Plaintiff's counsel properly sought those fees;

3.    Judgment shall be entered by separate document.

July 8, 2009.                                         BY THE COURT:
                                                      s/ *Richard G. Kopf*
                                                      United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.